UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DERRICK ANTONIO WILLIAMS, )
)
    Plaintiff, )
)
v. ) Case No. CV407-66
)
SAVANNAH MORNING NEWS, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On June 11, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court shall dismiss "at any time" an IFP action which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff's claim arises out of a newspaper article published about him on April 20, 2007. Doc. 1. Plaintiff alleges that defendant, The Savannah Morning News, has committed an "abuse of liberty of press" and should be held liable. Id. He contends that this article is an "outright falsehood," but he fails to inform the Court of the subject matter of the article or how the article is libelous.

To prevail in a § 1983 action, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States *and* demonstrate that the alleged violation was committed by a person acting under color of state law. Bannun v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990). A newspaper, however, is not a state actor and cannot be held liable under § 1983 for publishing the news. See Wellman v. Williamson Daily News, 582 F. Supp. 1526, 1527 (D.C. W. Va.

Apr. 13, 1984) (publication of a newspaper does not involve state action); Skinner v. Dwyer, 1992 WL 265995, at *2 (N.D.N.Y. Sept. 9, 1992) (newspaper is a private entity that does not act under color of law); Tique v. Thomas, 1985 WL 42, at *1 (E.D. Pa. Nov. 26, 1985) ("A newspaper is a private enterprise, whose conduct is not covered by § 1983."). Plaintiff has failed to sue a proper defendant under § 1983 since there is no allegation that the named defendant acted under color of state law or in concert with any state official, a necessary element of a § 1983 claim. Skinner, 1992 WL 265995 at *2.

Additionally, to the extent plaintiff's complaint can be construed as asserting a § 1983 claim against a police officer or public official, it is well settled that a mere claim of defamation by a public official is not actionable under § 1983. Paul v. Davis, 424 U.S. 693 (1976); Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436 (11th Cir. 1998); Von Stein v. Brescher, 904 F.2d 572, 582 (11th Cir. 1990) (sheriff's defamatory comments following plaintiff's arrest did not deprive plaintiff of any constitutionally protected interest); McDonough v. O'Rourke, 897 F. Supp. 1445, 1446 (S.D. Fla. Aug. 4, 1995). Therefore, plaintiff has failed to meet either of the essential elements

necessary to establish a prima facie case under § 1983.

Based on the foregoing, the Court recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO REPORTED AND RECOMMENDED** this 24TH day of July, **2007.**

                                            UNITED STATES MAGISTRATE JUDGE
                                            SOUTHERN DISTRICT OF GEORGIA